DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

NAROG, KIM

          Debtor(s)

Chapter 13
Case No.  15-54015 SLJ

First Amended
TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

Continued 341 Meeting Date and Time: March 21, 2016 @ 11:30 AM

Judge:  Stephen L. Johnson

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Pro Tanto Plan for the following reasons:

1. The Debtor has failed to provide the Trustee with either or both 1) a government-issued photo identification, or 2) proof of a social security number.  See 11 U.S.C. §521(h).  Without being able to establish the identity of the Debtor, the Trustee is unable to adequately investigate the financial affairs of the Debtor or recommend confirmation.  The Trustee requests that the Debtor provide her with verification of both identity and social security number.

2. The Trustee is unable to recommend confirmation because the length of the proposed plan is less than the applicable commitment period under 11 U.S.C. §1325(b)(4). See In re Flores, 735 F.3d 855 (9th Cir. 2013) (en banc). The Debtor is above-median and the current plan term is 3 months. The plan term needs to be 60 months.

3. The Debtor has failed to comply with Fed. R. Bankr. P. 3015 and 11 U.S.C. §1325(a)(1) in that the Chapter 13 Plan was not filed in time to be served by the court. Since the plan was not filed in time to be served with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, the debtors must serve all creditors with the Chapter 13 Plan, along with the **applicable** "Notice to Creditors Regarding Plan Provisions," and the "Order Establishing Procedures for Objection to Confirmation."

4. The Plan is not feasible pursuant to 11 U.S.C. §1325(a)(6). Section 1 of the Plan provides that the Debtor's plan payments are $6,390 per month; Section 2(d) of the Plan provides for a term of 60 months, for a total of $383,400 to be paid into the Plan. However, Section 2(e) states that the base amount to be paid into the plan is $6,390. The payments in Section 1 must total the base amount stated in Section 2(e).

5. The proposed Chapter 13 plan contains language in Section 2(e) that states that the plan shall complete within sixty (60) months of plan confirmation. This provision contravenes 11 U.S.C. §§1322(d)(1) and 1326(a)(1) which, together, provide that the plan term cannot exceed sixty months from the date the first plan payment is due. The Trustee requests that the Debtor file an Amended Plan to either delete the provision, or change the language in the Plan to indicate that the plan will complete within 60 months from the date the first plan payment is due.

Trustee's Obj to Confirmation 15-54015 SLJ

2

Case: 15-54015    Doc# 30    Filed: 03/15/16    Entered: 03/15/16 15:36:48    Page 2 of 8

6. The Trustee questions the feasibility of the Plan pursuant to 11 U.S.C. §1325(a)(6). Pursuant to Schedule J there is a deficit in the Debtor's monthly budget of $12,455 after the Debtor has made his plan payment of $6,390. It does not appear that the Debtor has the ability to meet his monthly living expenses as well as his Chapter 13 plan payment

7. The Debtor has failed to comply with 11 U.S.C. §1325(b)(1)(B). Pursuant to Line 45 of the Official Form 22C-2, the Debtor has monthly disposable income of $12,353.31. The commitment period is 60 months; therefore, the total projected disposable income that must go to general unsecured creditors is $675,918.44, which exceeds the amount of unsecured debt in this case. The Debtor must amend the Plan to provide for 100% dividend to general unsecured creditors.

8. 11 U.S.C. §1325(a)(4) of the Bankruptcy Code requires that the value of the property to be distributed under the plan be equal to or greater than what would be paid if the estate were liquidated under Chapter 7. According to the Debtor's schedules, there is excess equity which exceeds the scheduled unsecured debt; therefore, a Chapter 7 Trustee could liquidate the Debtor's property and pay creditors 100% of their claims, plus interest. *See In re Beguelin, 220 BR 94 (9th Cir. BAP 1998)*. The Federal Judgment Interest Rate on the date the petition was filed was .65 %. The Trustee requests that the plan be amended accordingly. Note: The Debtor did not provide for "Specific laws that allow exemptions" therefore, it does not appear that the Debtor has taken any exemptions.

9. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(5). The Debtor has listed several creditors on Schedule D but has omitted said creditor from the Plan. An amended Plan must be filed and served on the affected creditors.

10. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(5). The Debtor has provided for Expert Solution Products in Section 3 of the plan but has failed to include said creditor on Schedule D. The appropriate amendment(s) must be filed.

11. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(4). The value listed for the real property located on 22425 Rancho Ventura St. on Schedule A is inconsistent with the value listed on Schedule D. Schedule A lists the value as $1,550,000 and Schedule D lists the value as $1,650,000. The Debtor must file the appropriate amendment.

12. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(4). The value listed for the real property located on 4680 Meritage Ct. on Schedule A is inconsistent with the value listed on Schedule D. Schedule A lists the value as $1,250,000 and Schedule D lists the value as $1,300,000. The Debtor must file the appropriate amendment.

13. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(5). The debtors have listed Countrywide five times in Section 2(b) of the Plan; however, have failed to provide identifying information for each claim, i.e. last four digits of the account numbers or collateral descriptions. In order to ensure that the Trustee properly disburses on the claims of said creditor, the Debtor must file an Amended Plan to provide identifying information, and must serve the Amended Plan on the affected creditor. Note: If said creditor is secured against real or personal property an Amended Schedule D must be filed.

Trustee's Obj to Confirmation 15-54015 SLJ

4

Case: 15-54015   Doc# 30   Filed: 03/15/16   Entered: 03/15/16 15:36:48   Page 4 of 8

14. The Trustee is unable to determine if 11 U.S.C. §521(a)(1)(B)(i) is met. Schedule F lists multiple creditors without claim amounts. The Trustee requests that the Debtor file an Amended Schedule F to state dollar amounts for said claims.

15. The Trustee is unable to determine if the plan is in compliance with 11 U.S.C. §1325(a)(4). Schedule A lists the Debtor's real property located at 22425 Rancho Ventura St Cupertino, CA with a fair market value of $1,550,000. The Trustee requests that the Debtor obtain a broker's opinion as to the value of the real property as of the date the case was filed. The broker's opinion must include a detailed description of the property (i.e. square footage, lot size, number of bedrooms/bathrooms, condition) and must include copies of the documentation used to determine the value.

16. The Trustee is unable to determine if the plan is in compliance with 11 U.S.C. §1325(a)(4). Schedule A lists the Debtor's real property located at 4680 Meritage Ct. Gilroy, CA with a fair market value of $1,250,000. The Trustee requests that the Debtor obtain a broker's opinion as to the value of the real property as of the date the case was filed. The broker's opinion must include a detailed description of the property (i.e. square footage, lot size, number of bedrooms/bathrooms, condition) and must include copies of the documentation used to determine the value.

17. The Trustee is unable to determine if the plan is in compliance with 11 U.S.C. §1325(a)(4). Schedule A lists the Debtor's real property located at 1255 Lions Peak Lane San Martin, CA with a fair market value of $2,733,000. The Trustee requests that the Debtor obtain a broker's opinion as to the value of the real property as of the date the case was filed. The broker's opinion must include a detailed description of the property (i.e. square footage, lot size, number of bedrooms/bathrooms, condition) and must include copies of the documentation used to determine the value.

18. The Debtor has failed to provide the Trustee with copies of pay advices or other evidence of payment received within sixty (60) days before the date of the filing of the petition in contravention of 11 U.S.C. §521(a)(1)(B)(iv). If the Debtor cannot provide copies of the pay advices, a declaration signed by the Debtor under penalty of perjury must be provided pursuant to the Order Re: Filing of Payment Advices in effect for the San Jose Division of the United States Bankruptcy Court for the Northern District of California. Pursuant to the order, the declaration must set forth the reasons that the pay advices are unavailable and should state the debtor's estimate of payments received and provide other evidence, if any, of the payments received.

19. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) is met, the Trustee requests that the Debtor provide her with a copy of each federal income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor ending while the case is pending confirmation. The tax return shall be provided to her at the same time it is filed with the taxing authority.

THE TRUSTEE STRONGLY RECOMMENDS DEBTOR CONTACT AN EXPERIENCED CHAPTER 13 ATTORNEY FOR ASSISTANCE. DEBTOR'S FAILURE TO COMPLY WITH THE BANKRUPTCY CODE MAY RESULT IN DISMISSAL OF THE CASE.

Dated: March 15, 2016  /S/ Devin Derham-Burk

_____

Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within case; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's First Amended Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on March 15, 2016.

Said envelopes were addressed as follows:

Kim Narog
22425 Rancho Ventura St
Cupertino, CA 95014

/S/ Mary Lou Amaral
Office of Devin Derham-Burk, Trustee

Trustee's Obj to Confirmation 15-54015 SLJ